[Cite as *State v. Barry*, 2023-Ohio-750.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 22CA0041-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRENT BARRY | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 21CRB01101 |

## DECISION AND JOURNAL ENTRY

Dated: March 13, 2023

SUTTON, Presiding Judge.

{¶1} Plaintiff-Appellant, Brent Barry, appeals the judgment of the Medina Municipal Court. For the following reasons, this Court affirms.

I.

**Relevant Background**

{¶2} This appeal arises due to an incident at Mr. Barry's residence concerning the destruction of property belonging to his brother, B.B., including a backpack, clothing, and Nike Air Jordan sneakers. After an investigation, Mr. Barry was charged with criminal damaging, in violation of R.C. 2909.06(A)(1), a second degree misdemeanor. Mr. Barry pleaded not guilty and the matter proceeded to bench trial. At trial, Mr. Barry engaged in self-representation after waiving his right to counsel both orally and in written form. Mr. Barry also orally stipulated to damaging the backpack.

{¶3}   In support of its case-in-chief, the State called B.B. and Officer Joseph Calabrese. Further, Mr. Barry called Dorothy Rudolpho, his grandmother, to testify in his defense.

{¶4}   B.B. testified he lives with Mr. Barry and Ms. Rudolpho. Mr. Barry was upset because he thought B.B. had stolen clothes from him. B.B. came home one day to find his backpack "ripped to pieces[,]" his clothing ripped up, and water poured into his Nike Air Jordan sneakers. B.B. further testified he did not give Mr. Barry permission to destroy these items of personal property.

{¶5}   Officer Calabrese testified he responded to a complaint at the Barry residence regarding the destruction of B.B.'s personal property. At that time, he spoke with Mr. Barry and B.B. Officer Calabrese further testified:

> according to [B.B.], [Mr. Barry] became upset that his clothes were missing, couldn't find them, and by thinking that [B.B.] was the one who took them, [Mr. Barry] intentionally ripped [B.B.'s] clothing up and his backpack and then subsequently ran [B.B.'s] Air Jordans underneath the sink water in the utility sink.

Officer Calabrese agreed that Mr. Barry admitted to ripping the backpack, although Mr. Barry said he did not do so "purposely[.]" Mr. Barry also told Officer Calabrese "[t]hat the shoes were already in the sink, and when he turned on the faucet, the water hit them." Officer Calabrese indicated he inspected the relevant items of property, including the backpack, jeans, shirt, and Nike Air Jordan sneakers, although he did not recall the condition of the shirt. The backpack "looked * * * as if somebody took it and just ripped at the end of the zippers where they end, and there was a little bit of rip from that point down." The jeans "were the most noticeable * * * and it looked like somebody ripped them apart down to one pant leg." Officer Calabrese also stated, "[t]he shoes were still saturated with water." At the conclusion of his investigation, Officer Calabrese determined there was probable cause to charge Mr. Barry with "criminal damaging of [B.B.'s] clothing and backpack."

{¶6}    Ms. Rudolpho testified she unlocked Mr. Barry's bedroom door, without Mr. Barry's permission, and B.B. took clothing from Mr. Barry's room and placed it in his backpack. However, Ms. Rudolpho was not sure if the clothing actually belonged to Mr. Barry or B.B. According to Ms. Rudolpho, Mr. Barry gave B.B. some clothing and then took it back. B.B. asked Ms. Rudolpho to unlock Mr. Barry's bedroom door to retrieve his own clothing. On cross-examination, Ms. Rudolpho admitted she witnessed Mr. Barry rip B.B.'s backpack with his hands and pour water on the Nike Air Jordan sneakers. Further, Ms. Rudolpho yelled at Mr. Barry to "stop" and pulled items of clothing away from him to prevent further damage.

{¶7}    The trial court found Mr. Barry guilty of criminal damaging and sentenced him to a fine of three hundred dollars, plus court costs, with six-months to pay.[1]

{¶8}    Mr. Barry now appeals raising two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING INTO EVIDENCE OTHER ACTS EVIDENCE IN VIOLATION OF EVID.R. 403 AND 404(B), AND [THE] FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION.**

{¶9}    In his first assignment of error, Mr. Barry argues the trial court committed reversible error by allowing other acts evidence at trial. Specifically, Mr. Barry contends testimony regarding the destruction of the Nike Air Jordan sneakers should not have been allowed because this incident occurred at a different time than the destruction of the backpack and clothing.

---

[1] The record indicates Mr. Barry has not yet paid the fine or costs associated with this matter.

{¶10} The record reveals, at trial, Mr. Barry did not object to the admission of evidence regarding the Nike Air Jordan sneakers based upon other acts evidence or for any other reason. *See Marsico v. Skrzypek*, 9th Dist. Lorain No. 13CA010410, 2014-Ohio-5185, ¶ 6. ("It is well settled that the failure to timely object to a possible error results in a forfeiture of the issue for purposes of appeal."). While a party failing to object in the trial court can argue plain error on appeal, Mr. Barry has not done so, and this Court will not create an argument for him. *Rivenbark v. Discount Drug Mart*, 9th Dist. Medina No. 17CA0089-M, 2018-Ohio-4072, ¶ 24.

{¶11} Accordingly, Mr. Barry's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**[MR. BARRY'S] CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.**

{¶12} In his second assignment of error, Mr. Barry argues his conviction for criminal damaging or endangering is not supported by sufficient evidence. Specifically, Mr. Barry argues the State failed to present sufficient evidence that Mr. Barry *knowingly* ripped B.B.'s backpack. For the following reasons, we disagree.

{¶13} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it

allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶14} R.C. 2909.06(A)(1) states: "[n]o person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent: [k]nowingly, by any means[.]" Further, a person acts "knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶15} Here, the record reveals Mr. Barry stipulated to ripping B.B.'s backpack, stating: "I did rip the book bag." Moreover, Ms. Rudolpho testified she saw Mr. Barry rip the backpack with his hands, stating: "[h]e was pulling stuff out of it and * * * then he ripped it. * * * He took it and just ripped it." In viewing this evidence in a light most favorable to the State, we cannot say the Stated failed to prove Mr. Barry knowingly ripped the backpack.

{¶16} Accordingly, Mr. Barry's second assignment of error is overruled.

III.

{¶17} Mr. Barry's two assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

YI MI KIM-REYNOLDS, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.